ESTHER GIRARD, Appellant, *v.* DONALD FINE et al., Respondents.

Third Department, December 29, 1948.

*John P. Weatherwax,* attorney for appellant.
*O'Connell and Aronowitz* for respondents.

*Per Curiam.* The plaintiff sustained injuries as the result of a fall while attempting to enter the defendants' restaurant, which she contends was caused by reason of the negligence of the defendants in the construction and maintenance of the entrance way. The restaurant is a remodeled dwelling house. The entrance way was altered by the construction of a wooden platform on the top of the original top stone step or landing, and by changing the swing of the entrance doors outward. When the door had completed its maximum outward arc its edge was approximately flush with the outside edge of the wooden platform. On the night in question, the plaintiff had ascended the six stone steps and was standing upon the wooden platform. As she opened the door toward her, she stepped backward and when her foot struck the edge of the platform, she lost her balance and fell down the stairway. The jury returned a verdict of no cause of action.

The court charged on three occasions that the defendants would incur no liability by reason of having reversed the swing of the doors, since that was done under a permit and in compliance with the requirements of the building code. That was undoubtedly a correct statement, if it was understood to be limited to the direction of the swing alone. However, that did not absolve the defendants from their duty to furnish a reasonably safe method of ingress and egress, and if, in reversing the swing, a dangerous situation was created, the defendants could properly be held liable for resulting injuries. In that connection the court refused to charge '' that if the work so done under a permit was improperly done there would be liability upon the defendants.'' The plaintiff was entitled to this clarification. Without it, and particularly in view of the repeated emphasis of this portion of the charge, the jury might well have understood that no matter how dangerous a trap was created by reversing the swing, there could be no liability.

Judgment and order should be reversed on the law, and a new trial granted, with costs to abide the event.

HILL, P. J., BREWSTER, FOSTER, RUSSELL and DEYO, JJ., concur.

Judgment and order reversed on the law and a new trial granted, with costs to abide the event.